HERMINIA GARCÍA DE ROLÓN, Plaintiff and Appellant, *v.* JAIME VÁZQUEZ ET AL., Defendants and Appellees.

No. 6782.   Argued June 11, 1937.—Decided July 13, 1937.

*Armando A. Miranda* for appellant.   *Dubón & Ochoteco* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Herminia García, widow of Rolón, filed a complaint in the Municipal Court of Bayamón alleging that she was the owner of a property in which there was a house which has been occupied as her residence and that of her children for more than twenty years, and in which she had constituted her homestead; that she is at present the head of a family of several children; that she and her deceased husband constituted a mortgage on the property in favor of the defendants; that the latter foreclosed the mortgage and the property was awarded to them; and that the defendants have evicted the plaintiff from said property.   Prayer was made

for a judgment declaring that the plaintiff has a homestead right to the extent of $500.

The defendants in their answer denied specifically the essential facts of the complaint, and as new matter they alleged that when the mortgage was foreclosed and when they were given possession of the property, the plaintiff did not reside in the property nor did she have any homestead right therein, having used the house since January 5, 1923, as a tenement house, leasing its apartments to different tenants.

The municipal court dismissed the action on the ground that the plaintiff had not proved her homestead right. After the case had been tried *de novo* in the District Court of Bayamón, that court rendered judgment dismissing the complaint on the merits. Thereupon the plaintiff appealed, and filed her notice of appeal on December 4, 1933.

On August 31, 1934, the plaintiff and appellant filed in the District Court of Bayamón a motion for a new trial. She alleged in said motion that she had appealed, adopting the method of the preparation of the transcript of the evidence for perfecting the appeal; that at the instance of the stenographer who took the notes, the plaintiff secured several extensions of time to file the transcript of the evidence; that without the knowledge of the plaintiff or of her attorney, the stenographer sailed for the United States without having prepared the transcript of the evidence; that the plaintiff and her attorney took steps without success to locate the stenographer; and that for those reasons the plaintiff and appellant was unable to file the transcript of the evidence. In its order refusing a new trial the lower court stated that the order for the preparation of the transcript was rendered on December 5, 1933, and notified to the stenographer on the 12th of the same month; that the plaintiff obtained six extensions of thirty days each, the last one expiring on June 13, 1934, on which date she requested another extension; that all the requests for extensions were based on the allega-

tion that "due to the great amount of work which the stenographer of this court has had of late it has been impossible to finish the preparation of the transcript of the evidence"; that before passing on the last request for extension, the court required the plaintiff to show the steps she had taken to have the stenographer prepare the transcript, and that the plaintiff had failed to submit any proof; that on July 10, 1934, the plaintiff filed a motion alleging that the stenographer had gone to the United States without preparing the transcript and requesting to be allowed a reasonable period to prepare a statement of the case; that in view of the decisions in *Cruz* v. *Heirs of Jiménez,* 30 P.R.R. 55, 793, the court granted to the plaintiff and appellant a period of twenty days to inform the court as to its power to grant the term requested, and that she did nothing about it; and that at last on September 1, 1934, the plaintiff filed the motion for a new trial. The court also stated that the stenographer resigned and ceased in his office on February 21, 1934, and that in spite of that fact, the plaintiff based her requests for extensions of March 17, April 19, May 15, and June 13, on "the great amount of work which the stenographer of this court has had of late." Based on the lack of diligence on the part of the appellant, the court denied the motion for a new trial. The plaintiff appealed.

Appellant maintains that the order refusing a new trial constitutes an outrage against the plaintiff and is contrary to the law and the decisions of this Supreme Court.

The grant or refusal of a new trial is a matter within the discretion of the trial court, and the appellate court should intervene only in a clear case of abuse of discretion.

The plaintiff and appellant did not act in this case with due diligence in perfecting her appeal, either by filing the transcript of the evidence or by requesting from this Supreme Court a reasonable period to file a statement of the case. The order for the preparation of the transcript of the

evidence was notified to the stenographer on December 12, 1934. Two months and nine days later, on February 21, 1934, the stenographer resigned his office. We can not believe that the attorney for the plaintiff was ignorant of the resignation and absence of the stenographer from said date until September 1st. Moreover, on July 10, 1934, already with knowledge of the absence and resignation of the stenographer, the attorney for plaintiff requested from the district court a term to file a statement of the case, instead of making the request to this Supreme Court, which was the only court which could grant her the term requested. And when the lower court, citing the decisions of this Supreme Court, suggested its lack of power to allow the time requested and gave her a period of twenty days to aid the court by citing to it authorities to support such power, the attorney for the plaintiff gave no aid to the court and permitted some two additional months to elapse before filing her motion for a new trial.

In the case of *Buxó* v. *Sellés,* 48 P.R.R. 808, in reversing an order granting a new trial, because the stenographer who took the stenographic notes at the trial had died, this court said:

"On a due showing of the impossibility of reproducing the stenographer's notes we should ordinarily not interfere with the discretion of the court below in granting a new trial. *Sánchez* v. *Vizcarrondo,* 45 P.R.R. 64; *Amaral* v. *Gerena,* 46 P.R.R. 710.

"We are not satisfied with the impossibility of reproducing the facts that developed at the trial. We think that the delays were unusual as insisted upon by the appellant, and we do not think that the defendants have sufficiently shown a meritorious defense.

"\* \* \* \* \* \* \*

"The notes, it is true, are usually necessary, but the trial judge either had them or did not need them. The ultimate facts might have been extremely simple. The possibility that they were simple is not excluded by the affidavits in this record, nor yet the possibility that the evidence might have been readily incorporated by an approach to the judge who tried the case.

"As we have said, the delays and failure to move within the statutory time for an incorporation are extraordinary features in this appeal. The delays are chargeable to the client, . . . "

In the case before us no affidavit of merits was filed to place the lower court and this Supreme Court in position to decide whether the plaintiff had a meritorious cause of action and whether it supported the same by evidence which was also meritorious. Nor have we been convinced of the impossibility of reproducing the facts which developed at the trial. A mere reading of the pleadings of the parties suggests that the evidence adduced must have been slightly complicated and easy to reproduce. The statement of the case and opinion of the lower court shows that the evidence introduced at the trial was very simple and could be easily reproduced.

The facts which we have stated above justify, in our judgment, the order appealed from, and the same must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.